# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10547
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

In the Matter of:  TIMOTHY MICHAEL FRAZIN,

Debtor

----------------------------

TIMOTHY MICHAEL FRAZIN,

Appellant

v.

HAYNES & BOONE, L.L.P.; NINA CORTELL; WARREN DODSON; GRIFFITH & NIXON, P.C.; SCOTT GRIFFITH,

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-938

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

On March 30, 2015, the court summarily affirmed the judgment of the district court.  Herewith are our reasons.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10547

The relief Frazin sought before the prior panel was trial either in the state court or in the district court.[1] There was no suggestion that the district court lacked jurisdiction. The panel obliged as to Frazin's Deceptive Trade Practices Act ("DTPA") claim against his former attorneys, remanding to the United States District Court for further proceedings.

Frazin's argument that the district court lacked jurisdiction to enter judgment on remand lacks merit. The district court had jurisdiction under 28 U.S.C. § 1334(b). The prior panel held that the DTPA claim at issue was closely intertwined with the core proceeding to award fees to attorneys whose work directly benefited the unsecured creditors of the bankruptcy estate, a holding binding on this panel, and one with which we agree.[2] The DTPA claim thus "pertain[ed] to the implementation or execution of the plan."[3] The underlying lawsuit was an asset of the debtor, with creditors to be paid from the proceeds of the litigation, if any. As the fees were disputed, payment to creditors could have been affected—indeed, by order of the bankruptcy court the entire proceeds of the lawsuit were retained by Haynes & Boone until the court ordered them disbursed. Furthermore, the panel held that the bankruptcy court had constitutional authority to make fact findings related to the DTPA claim. The bankruptcy court has no power to "hear cases that the district court

---

[1] Frazin prayed that the prior panel "[d]eclare the Bankruptcy Court's judgment void for lack of jurisdictional authority and allow Frazin to proceed with his claims in the state court, or remand to the District Court for trial."

[2] *In re Frazin*, 732 F.3d 313, 323-24 (5th Cir. 2013) ("[T]he bankruptcy court necessarily had to resolve most, if not all, of Frazin's *factual* allegations that supported his DTPA claims in the course of addressing claims that were otherwise within the court's jurisdiction . . . ."); *id.* ("[I]t *was* necessary for the bankruptcy court to decide whether the factual allegations were true and if so, the impact on the fee applications . . . .").

[3] *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002) (quoting *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001)).

could not hear,"[4] and thus the district court necessarily had jurisdiction to hear the DTPA claim.  This ends the matter.

Frazin's contention that the district court was chained to its appellate role on remand and could not enter judgment under the then-applicable Federal Rule of Bankruptcy Procedure 8013 likewise fails.[5]  The district court entered judgment on remand from this court, not in its role reviewing a decision of the bankruptcy court.[6]  In carrying out its responsibilities on remand, the district court used its Article III power to enter judgment.

AFFIRMED.

---

[4] *Matter of Walker*, 51 F.3d 562, 570 (5th Cir. 1995).

[5] When the district court issued the judgment from which Frazin appeals, Rule 8013 stated that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  In December 2014, that rule was replaced with an unrelated one.

[6] We note that we have affirmed a district court that reversed a bankruptcy court and then rendered judgment itself. *See Christopher v. Kendavis Holding Co.*, 3:98-CV-1866-M, 2000 WL 769226, at \*5 (N.D. Tex. June 14, 2000) *aff'd sub nom. In re Kendavis Holding Co.*, 249 F.3d 383 (5th Cir. 2001).  Thus nothing in Rule 8013 prohibited the rendering of judgment *per se* by the district court.  The remand to the district court here simply follows the pattern of *In re Galaz*.  There, where the panel found the bankruptcy court lacked power to enter judgment on a *Stern* claim, it remanded to allow the district court to decide the matter afresh.  So here.  765 F.3d 426, 431-32 (5th Cir. 2014).